UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| M.W. PRINCE HALL GRAND LODGE, FREE AND ACCEPTED MASONS OF LOUISIANA, INC. | CIVIL ACTION<br><br>NO. 24-1364 |
| VERSUS | SECTION M (3) |
| CONFERENCE OF GRAND MASTERS PRINCE HALL MASONS, INC., *et al.* | |

### ORDER & REASONS

Before the Court is a motion for preliminary injunction filed by plaintiff M.W. Prince Hall Grand Lodge, Free and Accepted Masons of Louisiana, Inc. ("Plaintiff") apparently asking this Court to prevent defendants from interfering with its business and contractual relationships by continuing to declare Plaintiff an "irregular" lodge, and treating it as such, as defendants have been doing since May 2023.[1] Defendants Conference of Grand Masters Prince Hall Masons, Inc., Eugene Anderson, Jr., Jeffery G. Jones, Emanuel J. Stanley, Victor C. Major, Maurice F. Lucas, Ronald Davie, Timothy R. Seay, Corey D. Hawkins, Sr., Laurice Lamont Banks, Noel C. Osborne, Sr., Michael T. Anderson, Mark McGraw, Paul A. Hibner, and Robert M. Estelle (collectively, "Defendants") respond in opposition, arguing that Plaintiffs cannot satisfy the criteria for obtaining a preliminary injunction.[2]

A movant seeking a preliminary injunction must establish (1) a substantial likelihood of success on the merits; (2) a substantial threat of irreparable injury if the injunction is not granted;

---

[1] R. Docs. 19.

[2] R. Doc. 25. Defendants also filed a motion to dismiss for lack of personal jurisdiction, improper venue, and failure to state a claim for which relief can be granted pursuant to Rules 12(b)(2), 12(b)(3), and 12(b)(6) of the Federal Rules of Civil Procedure. R. Doc. 24. That motion is set for submission on July 25, 2024. R. Doc. 24-2. In ruling on Plaintiff's motion for preliminary injunction, the Court makes no findings regarding jurisdiction, venue, or the viability of Plaintiff's claims. The Court will resolve Defendants' pending motion to dismiss after it has been fully briefed by the parties.

(3) that the threatened injury to the movant if the injunction is denied outweighs the potential harm to the nonmovant if the injunction is granted; and (4) that granting the injunction will not disserve the public interest. *Garcia v. Jones*, 910 F.3d 188, 190 (5th Cir. 2018). "A preliminary injunction is an extraordinary remedy which courts grant only if the movant has clearly carried the burden as to all four elements." *Guy Carpenter & Co. v. Provenzale*, 334 F.3d 459, 464 (5th Cir. 2003). A preliminary injunction "may only be awarded upon a clear showing that the [movant] is entitled to such relief," *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 22 (2008), and is never awarded as a matter of right but only within the sound discretion of the district court. *Munaf v. Geren*, 553 U.S. 674, 689-90 (2008); *Miss. Power & Light Co. v. United Gas Pipe Line Co.*, 760 F.2d 618, 621 (5th Cir. 1985). "The purpose of a preliminary injunction is merely to preserve the relative positions of the parties until a trial on the merits can be held." *Univ. of Tex. v. Camenisch*, 451 U.S. 390, 395 (1981); *see Atwood Turnkey Drilling, Inc. v. Petroleo Brasileiro, S.A.*, 875 F.2d 1174, 1178 (5th Cir. 1989) ("The primary justification for granting a preliminary injunction is to preserve the court's ability to render a meaningful decision on the merits."). Ultimately, granting a preliminary injunction "is to be treated as the exception rather than the rule." *Miss. Power & Light Co.*, 760 F.2d at 621.

Plaintiff, as the movant, must establish all four factors necessary for the issuance of preliminary injunctive relief. Pretermitting whether Plaintiff is likely to succeed on the merits, the Court moves to the second and third elements. To prevail on the second element, the movant must show that the threat of injury is likely and the harm irreparable. *See Winter*, 555 U.S. at 22. An injury is irreparable if it cannot be adequately compensated by money damages. *Dennis Melancon, Inc. v. City of New Orleans*, 703 F.3d 262, 279 (5th Cir. 2012). Thus, "only those injuries that cannot be redressed by the application of a judicial remedy after a hearing on the merits can

properly justify a preliminary injunction." *Canal Auth. of Fla. v. Callaway*, 489 F.2d 567, 573 (5th Cir. 1974). Equitable relief is warranted when the injury constitutes "either continuing harm or a real and immediate threat of repeated injury in the future." *Soc'y of Separationists, Inc. v. Herman*, 959 F.2d 1283, 1285 (5th Cir. 1992). Under the third element for a preliminary injunction, "courts 'must balance the competing claims of injury and must consider the effect on each party of the granting or withholding of the requested relief.'" *Winter*, 555 U.S. at 24 (quoting *Amoco Prod. Co. v. Village of Gambell*, 480 U.S. 531, 542 (1987)). "The third factor requires the plaintiff to establish that his irreparable harm is greater than the hardship that the preliminary injunction would cause the defendant." *DS Waters of Am., Inc. v. Princess Abita Water, L.L.C.*, 539 F. Supp. 2d 853, 863 (E.D. La. 2008) (citing *Valley v. Rapides Par. Sch. Bd.*, 118 F.3d 1047, 1051 (5th Cir. 1997)).

Plaintiff fails on both the second and third elements. At this juncture, Plaintiff has not shown how being deemed "irregular" constitutes an irreparable harm that cannot be adequately compensated with monetary damages if Plaintiff prevails after a full trial on the merits. As far as the Court can tell, Plaintiff is complaining that Defendants are preventing it from collecting dues from potential members, which is certainly compensable. Moreover, the purported harm has been ongoing for more than a year, as Defendants declared Plaintiff "irregular" in May 2023. Granting a preliminary injunction now to reverse that year-old declaration does not preserve the status quo. Consequently, the hardship to Defendants in granting the requested injunction outweighs any to Plaintiff in denying it. Because Plaintiff has not satisfied the requirements for obtaining a preliminary injunction, the motion must be denied.

Accordingly, for the foregoing reasons,

IT IS ORDERED that Plaintiff's motion for preliminary injunction (R. Doc. 19) is DENIED.

New Orleans, Louisiana, this 11th day of July, 2024.

_____
BARRY W. ASHE
UNITED STATES DISTRICT JUDGE